United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31119
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITCHELL LEON FARKAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CR-91-ALL
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

Mitchell Leon Farkas appeals from his conviction of possession of a firearm by a convicted felon. He contends that the evidence was insufficient to support his conviction, in part because the photographic array from which his photograph was selected was impermissibly suggestive; that the district court erred by rejecting his proposed instruction regarding circumstantial evidence; and that the district court erred by sentencing him as an armed career criminal, pursuant to 18 U.S.C. § 924(e)(1).

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Farkas raised his challenge to the photographic array for the first time in his motion for a new trial. We review Farkas's contention under the plain-error standard. See United States v. Loney, 959 F.2d 1332, 1341 & n.22 (5th Cir. 1992). Farkas has shown no error, plain or otherwise--the markings underneath the photographs did not render the array impermissibly suggestive. See Passman v. Blackburn, 652 F.2d 559, 569 (5th Cir. 1981). In addition to the photographic array, the testimony of the pawn shop manager about Farkas's firearm transaction provided sufficient evidence to support a finding beyond a reasonable doubt that Farkas was the individual who conducted the transaction. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc).

Farkas requested an instruction that in cases depending on circumstantial evidence, a defendant is entitled to an acquittal if the evidence, when viewed in the light most favorable to the Government, gave equal or nearly equal support to a theory of guilt and a theory of innocence. Farkas's proposed instruction could have suggested that a standard other than the reasonable-doubt standard applied to circumstantial evidence, and that circumstantial evidence should be viewed differently from direct evidence. The district court did not abuse its discretion by rejecting the instruction. See United States v. Dien Duc Huynh, 246 F.3d 734, 738 (5th Cir. 2001).

The Government provided Farkas with adequate notice of its intention to seek sentencing as an armed career criminal, when it filed a post-verdict notice with documents attached that reflected Farkas's many state-court convictions.  See United States v. O'Neal, 180 F.3d 115, 125-26 (4th Cir. 1999).  Finally, United States v. Booker, 125 S. Ct. 738 (2005), does not apply to findings of prior convictions used to sentence a defendant as an armed career criminal.  See Shepard v. United States, 125 S. Ct. 1254, 1262 (2005).

AFFIRMED.